United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

LYNETTE LEWIS, et al.,

Defendants.

Case No. 26-cv-09497-AMO

**ORDER GRANTING IFP APPLICATION AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Dkt. Nos. 1, 2

Pro se Plaintiff Eugene Hart Jr. sues Defendants Lynette Lewis, Vernon Gains, Chaz Long, the Superior Court of California, and the County of San Francisco in connection with an auto accident that occurred in 2017. Dkt. No. 1. Hart also seeks to proceed in this action in forma pauperis. Dkt. No. 3. Because Hart appears to meet the financial eligibility criteria to file suit without paying the filing fee, his application is **GRANTED**. However, because the complaint fails to plead facts establishing this Court's jurisdiction over this action, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for the reasons explained below.

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states . . . ." 28 U.S.C. § 1332. "A federal court may exercise diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same State." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (internal quotations and citation omitted)

In the operative complaint, Hart does not plead facts establishing either federal question or diversity jurisdiction. The allegations in the complaint concern an auto accident, and do not appear to implicate the Constitution, laws, or treaties of the United States. There is thus no basis for federal question jurisdiction. The allegations also do not establish the presence of diversity jurisdiction. Hart lists California addresses for himself and the individual Defendants, and the entity Defendants are also local. Dkt. No. 1 at 1, 2. Thus, even if the Court assumed that the amount in controversy exceeds $75,000, complete diversity is lacking. There being no basis for subject matter jurisdiction, this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 15, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California